No. 19-cv-00390-VAB

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

In re COREY KUPERSMITH, Debtor.

---

COREY KUPERSMITH, Appellant,

v.

WILLIAM K. HARRINGTON, AS UNITED STATES TRUSTEE, Appellee.

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT

---

**MOTION TO DISMISS BANKRUPTCY APPEAL**

---

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
SUMI SAKATA
Trial Attorney


U.S. Department of Justice
Executive Office for
  United States Trustees
441 G Street, NW, Suite 6150
Washington, DC  20530
Tel: (202) 307-1399
Fax: (202) 307-2397

WILLIAM K. HARRINGTON
United States Trustee for Region 2
KIM L. McCABE
Assistant United States Trustee
HOLLEY L. CLAIBORN
ANDREW D. VELEZ-RIVERA
Trial Attorneys


U.S. Department of Justice
Office of the United States Trustee
150 Court Street, Room 302
New Haven, CT  06510
Tel: (203) 773-2210
Fax: (203) 773-2217

Appellee, William K. Harrington, United States Trustee for Region 2 ("United States Trustee"),[1] pursuant to 28 U.S.C. § 158 and Rules 8003 and 8004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), files this Motion to Dismiss the Bankruptcy Appeal of Appellant, Corey Kupersmith.

## SUMMARY STATEMENT

Mr. Kupersmith has appealed a bankruptcy court order denying his motion for a third extension of time to file an objection to the United States Trustee's motion for summary judgment in an adversary proceeding seeking to revoke his bankruptcy discharge.  The Court should dismiss the appeal.  The appeal is interlocutory and Mr. Kupersmith has failed to request leave to take an interlocutory appeal.  There are, moreover, no exceptional circumstances warranting an award of an interlocutory appeal.

To the contrary, the motion for summary judgment and adversary proceeding remain pending.  When the bankruptcy court enters the final order resolving the adversary proceeding, Mr. Kupersmith will either have prevailed or, should he lose, he can challenge the denial order at issue here, which will have merged with the final judgment.

---

[1]   The United States Trustee is an official of the Department of Justice appointed by the Attorney General to supervise the administration of bankruptcy cases. 28 U.S.C. §§ 581-89.  It is the United States Trustee's "responsibility to represent and protect the public interest" in bankruptcy cases.  *Adams v. Zarnel (In re Zarnel)*, 619 F.3d 156, 162 (2d Cir. 2010); *see also* H.R. Rep. No. 95-595, at 88 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6049 (United States Trustees "serve as bankruptcy watch-dogs to prevent fraud, dishonesty and overreaching in the bankruptcy arena").  To this end, Congress has provided that the United States Trustee "may raise and may appear and be heard on any issue in any case or proceeding" under title 11, 11 U.S.C. § 307, and has standing under section 307 to appear and be heard on any issue in any bankruptcy case, despite the lack of pecuniary interest in the outcome.  *Zarnel*, 619 F.3d at 162.

The Court should also dismiss the appeal because on procedural grounds. Mr. Kupersmith has failed to file the mandatory designation of items to be included in the record on appeal and a statement of issues to be presented.

## FACTS

On December 29, 2012, Mr. Kupersmith filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. *In re Corey Kupersmith*, Bankr. Case No. 12-52303 (JAM). On November 19, 2014, Mr. Kupersmith's case was converted to chapter 7. Bk. Dkt. 344.[2] Mr. Kupersmith received a chapter 7 discharge of debts in an order entered on February 18, 2015. Bk. Dkt. 362.

On March 22, 2018, the United States Trustee filed a complaint seeking to revoke and deny Mr. Kupersmith's bankruptcy discharge ("Discharge Complaint"). The filing of the Discharge Complaint constituted the initiation of the adversary proceeding captioned *United States Trustee v. Corey Kupersmith*, A.P. 18-5015 (JAM). A.P. Dkt. 1.[3]

In general terms, the Discharge Complaint asserts causes of action against Mr. Kupersmith under 11 U.S.C. §§ 727(d)(2), (a)(2), and (a)(4)(A), based on both his unauthorized receipt and concealment of assets of the bankruptcy estate and false oaths. *See id*. The Discharge Complaint alleges that, during the chapter 7 phase of his bankruptcy case, Mr. Kupersmith (a) received estate funds in excess of $150,000 directly from investments and converted them for his own use; (b) lied under oath at his chapter 7 meeting of creditors about receiving certain investment funds, and (c) has failed and refused to turn over the monies to the

---

2   All references to "Bk. Dkt." refer to documents filed in the docket of Mr. Kupersmith's bankruptcy case. Bankr. Case No. 12-52303 (JAM).

3   All references to "A.P. Dkt." refer to documents filed in the docket of the adversary proceeding. A.P. Case No. 18-5015 (JAM).

chapter 7 trustee.  *See id*.  The Discharge Complaint also alleges that, after the bankruptcy case

was converted to chapter 7, Mr. Kupersmith took funds from the estate's chapter 11 debtor-in-

possession account, and failed and refused to turn over the monies to the chapter 7 trustee.  *See*

*id*.  Mr. Kupersmith filed an initial answer to the Complaint, and after being ordered by the

bankruptcy court to file a more definite answer, filed a subsequent answer.  A.P. Dkt. 5, 9 and

12.

On November 9, 2018, the United States Trustee filed a motion for summary judgment

on all counts of the Discharge Complaint ("Summary Judgment Motion").  A.P. Dkt. No. 16-17.

Three requests by Mr. Kupersmith for extensions of time to object to the Summary Judgment

Motion then followed.  First, without objection, Mr. Kupersmith sought and obtained an

extension to object until January 11, 2019.  A.P. Dkt. 22-23.

Second, on January 11, 2019, alleging illness, Mr. Kupersmith sought a second extension

until February 15, 2019.  A.P. Dkt. No. 26.  The United States Trustee filed a limited objection to

this second request, indicating that he had no opposition to Mr. Kupersmith's request, so long as

the second extension was final and no further extensions would be approved.  A.P. Dkt. 27.  The

bankruptcy court agreed, and granted Mr. Kupersmith a final extension until February 15, 2019

("Second and Final Extension Order").  A.P. Dkt. 28.  The Second and Final Extension Order

expressly provided:  "This will be the final extension for the Defendant to respond to the Motion

for Summary Judgment."  *Id*.

On February 15, 2019, this time alleging lengthy preparations for a hearing in a Georgia

bankruptcy case, illness, and the need to obtain new counsel, Mr. Kupersmith filed a motion

seeking a third extension of time to file an objection to the Summary Judgment Motion ("Third

Extension Motion").  A.P. Dkt. 30.  On February 20, 2019, the United States Trustee filed an

objection to Mr. Kupersmith's Third Extension Motion, noting that he already had been given a 72-day extension of time to respond to the Summary Judgment Motion, and had repeatedly invoked illness yet refused to turn over medical records and had been healthy enough to participate in the Georgia bankruptcy case.  A.P. Dkt. 31.

On February 21, 2019, the bankruptcy court entered an order denying the Third Extension Motion ("Order Denying Third Extension").  A.P. Dkt. 32 (virtual docket entry).  On the express ground that the court's Second and Final Extension Order was a final extension, the Order Denying Third Extension declined giving Mr. Kupersmith yet more time.  *See id*.

On March 7, 2019, Mr. Kupersmith filed a Notice of Appeal of the Order Denying Third Extension.  A.P. Dkt. 36.  He also simultaneously filed an "emergency" motion for leave to file an untimely objection to the Summary Judgment Motion, largely on the grounds that the bankruptcy court had not scheduled an evidentiary hearing and that his third extension request was timely.  A.P. Dkt. 35.

Based on the relief sought in Mr. Kupersmith's "emergency" motion, the United States Trustee treated it as a motion for reconsideration under Bankruptcy Rule 9024 ("Motion to Reconsider"), and filed an objection thereto based on the motion's failure to meet the standards of that rule.  A.P. Dkt. 39.  On March 15, 2019, the bankruptcy court entered an order denying reconsideration of its Order Denying Third Extension ("Order Denying Reconsideration").  A.P. Dkt. 41 (virtual docket entry).  Again, the bankruptcy court reasoned that its Second and Final Extension Order was a final extension, and that Mr. Kupersmith had not shown cause why he failed to comply with that order.  *See id.*

Mr. Kupersmith has not appealed the Order Denying Reconsideration.  He has not requested a stay of the Order Denying Third Extension, or sought leave to file an interlocutory appeal of such order.

Mr. Kupersmith's appeal of the Order Denying Third Extension was docketed in this Court on March 13, 2019.  Dkt. 1.  Mr. Kupersmith has not filed a designation of the items to be included in the record on appeal or a statement of the issues to be presented pursuant to Bankruptcy Rule 8009(a)(1), or sought an extension of time within which to do so.

In the bankruptcy court, the United States Trustee's Summary Judgment Motion remains pending, and the Adversary Proceeding remains unresolved.

## ARGUMENT

### I.   This Bankruptcy Appeal Should be Dismissed on Jurisdictional Grounds.

#### A.   The Order Denying Third Extension is Interlocutory.

Appeals in bankruptcy proceedings are governed by 28 U.S.C. § 158.  Under section 158(a), parties have an appeal of right from orders that "finally dispose of discrete disputes" in bankruptcy "cases and proceedings."  *Bullard v. Blue Bills Bank*, __ U.S. __, 135 S. Ct. 1686, 1692 (2015).

Here, the Order Denying Third Extension arose in the context of an adversary proceeding. A.P. Dkt. 1, 32.  Adversary proceedings are just civil suits asserted within the context of a bankruptcy case.  *See* Fed. R. Bankr. P. 7001 (specifying what matters constitute adversary proceedings); *In re Caldor Corp.,* 303 F.3d 161, 169 n.4 (2d Cir. 2002) (adversary proceedings "have been described as 'fully blown federal lawsuits within the larger bankruptcy case.'"); *SLW Capital, LLC v. Mansaray- Ruffin (In re Mansaray-Ruffin)*, 530 F.3d 230, 234 (3d Cir. 2008)

(explaining that an "adversary proceeding is essentially a self-contained trial – still within the original bankruptcy case – in which a panoply of additional procedures apply").

As a result, an "adversary proceeding is perhaps the clearest example of a 'discrete dispute' or 'judicial unit' within the bankruptcy case." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.),* 218 B.R. 643, 647 (B.A.P. 1st Cir. 1998); *see also Sumy v. Schlossberg,* 777 F.2d 921, 923 (4th Cir. 1985) (providing that "[m]ost adversary proceedings ... will satisfy the ... test of being discrete disputes within the larger case."). And the "disposition of a discrete dispute is generally considered to be the resolution of an adversary proceeding" within the bankruptcy case. *In re Chataeugay Corp.*, 922 F.2d 86, 90 (2d Cir. 1990).

It follows that, for bankruptcy appellate purposes, the "adversary proceeding… is the relevant judicial unit upon which [the] finality analysis focuses." *Bank of New England,* 218 B.R. at 647; *see also Chateaugay,* 922 F.2d at 89-90 (an order resolving an adversary proceeding is a final order appealable as of right); *Failon v. Compass Chemical International, LLC*, Case No. 16-cv-00317-JAG, 2016 WL 4599904, *1 (E.D. Va. Sep. 2, 2016) ("the adversary proceeding itself is the discrete dispute, so an order ending an adversary proceeding would qualify as a final order, ripe for appeal…. [But c]ourts generally do not parse even further to find discrete disputes within the discrete dispute of the adversary proceeding.")

An order entered in an adversary proceeding is final only if it "fixes the rights and obligations of the parties" by "finally dispos[ing]" of the dispute. *Bullard*, 135 S. Ct. at 1692. The ruling on appeal here, the Order Denying Third Extension, does not meet that criterion because it did not resolve the adversary proceeding pending in the bankruptcy court. Quite the contrary, because the Summary Judgment Motion remains pending, the adversary proceeding necessarily remains pending. Therefore, Mr. Kupersmith had no appeal of right from the order at

issue in this appeal.  *See In re Firstcent Shopping Center, Inc*., 141 B.R. 546, 550 (S.D.N.Y.

1992) ("orders denying requests for extensions of time are interlocutory"); *Matter of Aucoin*, 35

F.3d 167, 169-70 (5th Cir. 1994) (explaining that an order extending time to object to a Debtor's

discharge is interlocutory because the bankruptcy court will still have to determine whether to

grant or deny the discharge).

        **B.**       **Grounds Do Not Exist to Grant Interlocutory Review**.

District courts also have jurisdiction to hear appeals of interlocutory orders from

bankruptcy courts with leave of court.  28 U.S.C. § 158(a)(3); *In re Kassover*, 343 F.3d 91, 94

(2d Cir. 2003) (under 28 U.S.C. § 158(a)(3), "a district court has discretionary appellate

jurisdiction over an interlocutory order of a bankruptcy court.")  When seeking to appeal an

interlocutory ruling, a motion for leave to appeal must also accompany the notice of appeal.  Fed.

R. Bankr. P. 8004(a).  If the appellant fails to file a motion for leave to appeal, the district court

has the discretion to order the appellant to file a motion for leave or to treat to the notice of

appeal as a motion for leave to appeal.  Fed. R. Bankr. P. 8004(d) (providing that "if an appellant

timely files a notice of appeal  . . . but does not include a motion for leave, the district court  . . .

*may* order the appellant to file a motion for leave,  or treat the notice of appeal as a motion for

leave and either grant or deny it") (emphasis added).

Mr. Kupersmith did not file a motion for leave to appeal.  As a result, this Court should

deny interlocutory review.  Nevertheless, even if the Court treats Mr. Kupersmith's notice of

appeal as a motion for leave to appeal, the Court should deny that motion because interlocutory

appeal is inappropriate.

Appeals of interlocutory orders are disfavored.  *Kusinski v. Schering*, 614 F. Supp. 247,

249 (D. Conn. 2009).  To obtain permission to take an interlocutory appeal, the appellant must

demonstrate "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Pawlak v. U.S. Dept. of Ed. (In re Pawlak)*, 520 B.R. 177, 182 (D. Md. 2014).  In assessing whether an appellant has met this burden, this Court explained the standards for granting leave to appeal a bankruptcy court's interlocutory orders in *Traversa v. Education Credit Mgmt. Corp.*, 386 B.R. 386 (D. Conn. 2008).  The Court may employ an analysis similar to that applied when certifying interlocutory appeals to the Circuit Court under 28 U.S.C. § 1292(b).  *Id.*, at 388.  Under that analysis, leave to file an interlocutory appeal should only be granted "where the order in question involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation."  *Id.*  Disaggregated into constituent factors, "in order for an interlocutory appeal from the bankruptcy court to present an appropriate issue for this Court's consideration, '(a) the appeal must concern a question 'of law,' (b) that question must be one that is 'controlling', and (c) that controlling question of law must be one 'as to which there is substantial ground for difference of opinion.'" *Id.*, *quoting Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005).  If any one of these elements is not satisfied, leave to appeal should not be granted.  *Kore Holdings, Inc. v. Rosen, (In re Rood)*, 426 B.R. 538, 548 (D. Md. 2010) (providing that "[i]f any one of these three elements is unsatisfied, leave to appeal cannot be granted.").

Here, none of the elements are satisfied.

### 1.   <u>There Is No Controlling Question of Law</u>.

The order involved in this appeal did not involve a controlling issue of law.  Rather, the ruling on Mr. Kupersmith's Third Extension Motion simply involved a matter of the bankruptcy court's inherent control over its own dockets and proceedings.

"An order involves a controlling question of law when reversal . . . would be dispositive of the case as either a legal or practical matter and determination of the issue on appeal will materially affect the outcome." *Pawlak*, 520 B.R. at 183.  A controlling question of law is "a narrow, dispositive question of pure law." *Id.*

A trial court's power to grant or deny additional time "is a basic tool committed to the discretion" of a trial court for the purpose of carrying out the court's "inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly fashion." *United States v. Waldman*, 579 F.2d 649, 653 (1st Cir. 1978), *quoting United States v. Correia*, 531 F.2d 1095, 1098 (1st Cir. 1976).  *See also, Edwards v. Cauthron*, 124 F.3d 216, *2 (10th Cir. 1997) (unpublished) (trial court's "inherent authority . . . to manage its dockets includes discretion to grant or deny continuances or extensions of time"), *and McAllister v. Price Rite*, Case No. 09-cv-1888-VLB, 2013 WL 5187036, *15 (D. Conn. Sept. 13, 2013) (*sua sponte* granting *nunc pro tunc* extension of time for filing summary judgment motion under Court's inherent authority).

In this case, the bankruptcy court's Order Denying Third Extension was an ordinary case management ruling that was not dispositive of anything, let alone a controlling question of pure law.  In this regard, in denying a debtor leave to appeal an interlocutory bankruptcy court order continuing a trial date, the District Court for the District of Kansas succinctly found that "the bankruptcy court's decision did not involve a controlling issue of law.  The decision did not involve the merits of the case at all – it involved case scheduling and deadlines." *In re Kester*, Case No. 05-2250-CM, 2006 WL 2540393, *1 (D. Kan. Jan. 13, 2006).  While the ruling below effectively meant that Mr. Kupersmith's ability to defend the Summary Judgment Motion could be circumscribed, a risk that Mr. Kupersmith undertook volitionally, denying Mr. Kupersmith more time did not resolve the Summary Judgment Motion.

> **2.      There Is No Substantial Disagreement As To Any Controlling Issue Of Law.**

There is also no substantial disagreement as to the correctness of the order at issue on appeal.  To satisfy this requirement, it is not enough that the parties disagree as to the interlocutory order.  *Pawlak*, 520 B.R. at 184.  Rather, there has to be "substantial ground for disagreement . . . as to the controlling issues of law that informed the order."  *Id.*  "An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue."  *Lynn v. Monarch Recovery Mgmt., Inc*., 953 F. Supp. 2d 612, 624 (D. Md. 2013).

Given that Mr. Kupersmith has not filed a motion for leave to appeal, he has not carried his burden of establishing that there is substantial ground for disagreement here.  And the ruling at issue was well grounded in fact and law.  Trial courts have "broad discretion to grant or deny a motion for a continuance."  *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 100 (2d Cir. 2001), *quoting United States v. Cusack*, 229 F.3d 344, 349 (2d Cir. 2000).   Here, it was reasonable to deny Mr. Kupersmith's Third Extension Motion in light of the deference given to him by the bankruptcy court's two prior extension orders, the passage of time, and the court's clear admonition in its earlier Second and Final Extension Order that such order was a final extension.

> **3.      Immediate Appeal Would Not Advance The Termination of Litigation.**

Immediate appeal would also not materially advance the termination of the litigation.  In this case, the Summary Judgment Motion remains currently pending.  When summary judgment is entered, or following a full trial on the merits of the Discharge Action, one of two things will happen: either Mr. Kupersmith will prevail and this appeal will become moot, or Mr. Kupersmith will not prevail and the bankruptcy court's interlocutory rulings will merge into its final

judgment. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 141 (2d Cir. 2011) (under "merger rule," when a trial court "'enters a final judgment in a case, interlocutory orders rendered in the case . . . merge with the judgment,' thereby rendering them amenable to appellate review."). At that time, Mr. Kupersmith can appeal the final judgment as well as any prior interlocutory orders entered in the Discharge Action. Thus, nothing is gained from hearing an appeal of the Order Denying Third Extension at this time. Rather, it would be a waste of judicial resources should the bankruptcy court rule in Mr. Kupersmith's favor on the merits.

**II.   Mr. Kupersmith's Procedural Failures Also Justify the Dismissal of This Appeal.**

As an exercise of its discretion, this Court should also dismiss this appeal on non-jurisdictional grounds, due to Mr. Kupersmith's failure to file the required designation of items and issue statement ("Designation and Statement"). While not affecting the validity of his or her appeal, a bankruptcy appellant's "failure to take any step other than timely filing the notice of appeal  . . . is ground only for the district court . . . to act as it considers appropriate, including dismissal of the appeal." Fed. R. Bankr. P. 8003(a)(2).

Bankruptcy Rule 8009(a)(1) requires that an appellant file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 14 days after the appellant's notice of appeal as of right becomes effective under Bankruptcy Rule 8002, or an order granting leave to appeal is entered. Fed. R. Bankr. P. 8009(a)(1)(A), (B)(i)(ii). Also, pursuant to Bankruptcy Rule 8002(b), if an appellant such as Mr. Kupersmith files a notice of appeal after the bankruptcy court enters the subject order – but before the court disposes of a motion for reconsideration of the subject order under Bankruptcy Rule 9024 – the notice of appeal becomes effective when the order disposing of the motion for reconsideration is entered. Fed. R. Bankr. P. 8002(b)(1)(D), (b)(2).

As a matter of well-established law, the Second Circuit has succinctly stated that "[f]iling a Designation and Statement is mandatory." *In re Lynch*, 430 F.3d 600, 603 (2d Cir. 2005).  For this reason, a bankruptcy appeal "cannot proceed" unless the appellant's failure to timely file the Designation and Statement resulted from excusable neglect. *Id.*; *see also id.* at 605 ("If a party fails to file a Designation and Statement on time, and an untimely filing is disallowed because no excusable neglect has been shown, the appeal has to be at an end.").

In this case, as Mr. Kupersmith filed his Notice of Appeal after the bankruptcy court entered its Order Denying Third Extension – but before the court disposed of his Motion to Reconsider – the Notice of Appeal became effective when the court entered its Order Denying Reconsideration on March 15, 2019.  Fed. R. Bankr. P. 8002(b)(1)(D), (b)(2).  Accordingly, Mr. Kupersmith's deadline to file a Designation and Statement was March 29, 2019.  Fed. R. Bankr. P. 8009(a)(1)(B)(i).

Mr. Kupersmith has failed to file a Designation and Statement, and his time to do so has lapsed.  Mr. Kupersmith also has not sought an extension of time within which to file a Designation and Statement.  He furthermore has not demonstrated excusable neglect under Bankruptcy Rule 9006(b)(1), and no such neglect can be gleaned from the record.  *Lynch*, 430 F.3d at 603 (affirming district court's dismissal of bankruptcy appeal where appellant failed to establish excusable neglect for failing to timely file Designation and Statement); *In re Am. Land Acquisition Corp.*, 599 F. Appx. 401 (2d Cir. April 22, 2015) (same).

For the foregoing reasons, this Court should also dismiss this appeal due to Mr. Kupersmith's failure to file a Designation and Statement.

## CONCLUSION

For the reasons stated above, the Court should dismiss this bankruptcy appeal.

Dated: April 16, 2019                    Respectfully submitted,

WILLIAM K. HARRINGTON
United States Trustee for Region 2

By:      */s/ Andrew D. Velez-Rivera*
Andrew D. Velez-Rivera
Trial Attorney

By:      */s/ Holley L. Claiborn*
Holley L. Claiborn / ct 17216
Trial Attorney

RAMONA D. ELLIOTT                    WILLIAM K. HARRINGTON
Deputy Director/General Counsel       United States Trustee for Region 2
P. MATTHEW SUTKO                      KIM L. McCABE
Associate General Counsel             Assistant United States Trustee
SUMI SAKATA                           HOLLEY L. CLAIBORN
Trial Attorney                        ANDREW D. VELEZ-RIVERA
                                       Trial Attorneys

U.S. Department of Justice            U.S. Department of Justice
Executive Office for                  Office of the United States Trustee
 United States Trustees               150 Court Street, Room 302
441 G Street, NW, Suite 6150          New Haven, CT  06510
Washington, DC  20530                 Tel: (203) 773-2210
Tel: (202) 307-1399                   Fax: (203) 773-2217
Fax: (202) 307-2397                   Email: Holley.L.Claiborn@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on April 16, 2019, I served the MOTION TO DISMISS BANKRUPTCYAPPEAL via the CM/ECF Electronic Filing system and/or regular United States mail on the following:

Corey Kupersmith
41 B Byram Terrace Drive
Greenwich, CT  06831

>*/s/ Holley L. Claiborn*
>Holley L. Claiborn